145 N.J. Super. 257 (1976)
367 A.2d 469
STATE OF NEW JERSEY, PLAINTIFF,
v.
GERTRUDE WHITE, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Law Division (Criminal).
Decided November 16, 1976.
*258 Mr. R. Benjamin Cohen, Assistant Prosecutor, for plaintiff.
Mr. Charles S. Lorber, First Asst. Deputy Public Defender, for defendant.
BLAKE, A.J.S.C.
Defendant was denied application for pretrial intervention by the Probation Department of Essex County. The basis for that decision is clearly set forth in the September 30, 1976 memorandum from Senior Probation Officer Nancy Milliken. She refers specifically to the guidelines for pretrial intervention, and her findings are detailed  i.e., the nature of the crime and the fact that no meaningful rehabilitation could be worked within the time periods of R. 3:28, if, in fact, any rehabilitation at all could result.
Under letter of October 7, 1976 the Prosecutor of Essex County opposed pretrial intervention predicated upon a crime of violence (murder) and that there was no available facility to rehabilitate within the time permitted for diversion.
The matter is before this court under R. 3:28, on motion for an order to direct the Probation Department and the prosecutor to accept defendant for pretrial intervention. Two points are made. First, defendant is entitled to a hearing in which witnesses could be called to explain circumstances of the crime and/or testimony to be offered by an expert to testify concerning his opinion as to pretrial intervention and the method to be used in deciding the issue. Second, the decision by the probation officer was arbitrary, capricious and unreasonable.
In oral argument counsel for defendant-applicant contended that the murder involved was brought about by the actions of decedent against applicant over many years; that members of her family could testify to this behavior and abuse; that a psychologist could testify concerning the rehabilitative capacity of defendant. A request was made *259 to examine the probation officer to obtain some light on her mental processes and determinations of the values which she attributed to the information at her disposal.
To allow such testimony and cross-examination by the State smacks of a trial before the event. The factual basis of the crime is for the trial of the indictment. If allowed in this type of procedure, where does one draw the line of interrogation? Would this testimony take defendant out of the protective umbrella of guideline 5? To allow such an extensive hearing on the issue of whether the decision of the probation officer and/or the prosecutor was arbitrary or capricious would be in violation of State v. Leonardis, 71 N.J. 85 (1976), and the guidelines of September 8, 1976.
In Leonardis the Supreme Court referred to this problem in the following language:
Although a trial-type proceeding is not necessary, defendant shall be accorded an informal hearing before the designated judge for a county at every stage of a defendant's association with a PTI project at which his admission, rejection or continuation in the program is put in question. A disposition is appealable by leave of court as any interlocutory order. R. 2:2-2.
The Pretrial Intervention Guidelines of September 8, 1976 state specifically the method of challenge from the action of the probation officer or prosecutor in guideline 8, as follows:
If a defendant desires to challenge the decision of a program director not to recommend enrollment or of a prosecutor refusing to consent to enrollment into a PTI program, a motion must be filed before the designated judge (or the Assignment Judge) authorized to enter orders under R. 3:28. The challenge is to be based upon arbitrary or capricious action, and the defendant has the burden of showing that the program director or prosecutor abused his discretion in processing the application. [Emphasis supplied]
Guideline 2 particularizes the duty of the applicant to allege and present any facts and materials to the program director to make the applicant eligible for a program. The language is interesting and informative.
*260 GUIDELINE 2. Eligibility for PTI is broad enough to include all defendants who demonstrate sufficient effort to effect necessary behavorial change and show that future criminal behavior will not occur. Any defendant accused of crime shall be eligible for admission into a PTI program. When the application indicates factors which would ordinarily lead to exclusion under the guidelines established hereinafter, the applicant nevertheless shall have the opportunity to present to the program director, and through him to the prosecutor, any facts or materials demonstrating his amenability to the rehabilitative process, showing compelling reasons justifying his admission, and establishing that a decision against enrollment would be arbitrary and unreasonable. [Emphasis supplied]
There is no doubt that the intention of the guidelines requires the material to be submitted to the director of the program. It is inconsistent under Leonardis and the guidelines to have evidence submitted in more than one place. The applicant must submit evidence to the director of such degree that a decision against admission would be contrary to reason and would be arbitrary and capricious. The applicant must show compelling reasons justifying the admission to the program.
The opportunity is available to applicant to present reasons for admission to the program director. If not admitted, there is not one word of authority in Leonardis or the guidelines for the presentation of additional evidence before a court. The function of the court is to determine, on the material submitted to the director and/or prosecutor, whether the applicant has sustained the burden of showing by compelling reasons that the decision against enrollment is arbitrary and capricious.
This court is of the opinion that no additional evidence may be offered on this type of motion. The opportunity exists on the application for admission to present all evidence available to applicant. At a hearing on a motion of this type argument can be made that the director's action was arbitrary and capricious in denying admission to the program on the material submitted. To hear additional material or evidence would constitute a trial de novo, not a review of the action of the director. This is clearly not *261 contemplated by Leonardis and/or the guidelines. This Court finds its duty to be solely to review the action of the director on the material submitted to the director by the applicant, balancing that action against the standard of arbitrariness and capriciousness.
The director interviewed the applicant, examined statements given by her and prepared two written reports. The director utilized the standards set forth in the guidelines of September 8, 1976 and referred specifically to them in her report of September 30, 1976. She found as reasons for rejection the nature of the crime and the unlikely prospects of rehabilitation. Her report exhibits care and attention to all the material submitted. Careful analysis of this material is evident from the extensive and thorough report.
I find the action of the director and the prosecutor to be proper. Defendant has failed to present compelling reasons to justify her admission to the program and has failed to establish that the decision against enrollment is arbitrary and unreasonable.
Motion denied. An appropriate order should be forwarded.