153 N.J. Super. 336 (1977)
379 A.2d 529
STATE OF NEW JERSEY, PLAINTIFF,
v.
SAM FORBES, JR., DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
September 28, 1977.
*338 Mr. George Perselay, Assistant Union County Counsel, for plaintiff (Mr. William J. McCloud, Union County Counsel, attorney).
Mr. Barry M. Epstein for defendant (Messrs. Sills, Beck, Cummis, Radin and Tischman, attorneys; Mr. Lewis Cohn on the brief).
WALSH, J.C.C.
On or about May 25, 1977 defendant, Sam Forbes, Jr., served a subpoena duces tecum on Ross H. Doyle, program director of the Union County Pretrial Intervention Program (PTI). In addition to requiring the program director to testify, the subpoena requires the production of "all records and files concerning applications, processing of applications, acceptances and objections from the inception of the Pretrial Intervention Program of Union County to the present." Doyle has refused to honor the subpoena and both parties request that this court rule upon its legality.
Defendant was originally indicted in August 1976 for conspiracy to commit larceny, larceny and embezzlement. On November 8, 1976 a PTI program was established in Union County pursuant to R. 3:28. Defendant applied for admission to the program but was rejected under Guideline 6 of the September 8, 1976 Supreme Court "Guidelines for Operation of Pretrial Intervention in New Jersey" (hereinafter "Guidelines"), and the October 15, 1976 directive from Assignment Judge DiBuono which stated in pertinent part:
A pretrial intervention program has been instituted in Union County pursuant to R. 3:28, commencing November 8, 1976.
Under Section 6 of the Pretrial Intervention Guidelines issued by the Supreme Court, application for admission into the pretrial intervention program must be made within 25 days of arraignment. Consequently, all defendants arraigned on or after October 14, 1976 will be eligible to apply on November 8, 1976. An application made *339 in behalf of a defendant who has been arraigned more than 25 days before the date of the application will be rejected.
Defendant filed a motion before the designated judge to obtain a review hearing pursuant to Guideline 8 for the purpose of challenging the decision of the program director not to recommend enrollment. The rejection was sustained at the review hearing. Thereafter, defendant's motion for leave to appeal was denied by both the Appellate Division and our Supreme Court.
In March 1977 the original indictment was withdrawn and superseded by Indictment 676-76 charging substantially the same offenses. Defendant again made application to the PTI program, but was rejected by the program director. The notice of rejection states in pertinent part:
Your offense was part of a continuing criminal business which constitutes grounds for rejection under the Guidelines for Operation of Pretrial Intervention in New Jersey. The offense charged is of such a serious nature that it far outweighs whatever possible rehabilitative factors might be present in your case and there are no compelling reasons to justify your admission to the program.
In anticipation of making a motion for reconsideration under Guideline 8, defense counsel asked the program director for permission to review all the PTI files. When the director denied the request, he was served with the subpoena in question.
Guidelines, as interpreted by the Supreme Court in State v. Leonardis, 73 N.J. 360 (1977) (hereinafter Leonardis II) require that before the designated judge can overturn the director's decision not to recommend enrollment, the applicant must clearly and convincingly establish that his rejection was the result of the director's arbitrary and capricious action. Defendant argues that access to the PTI files is essential in order to meet that heavy burden. The program director contends that although defendant can review his own file, the files and records of other applicants are confidential and not relevant to defendant's case.
*340 The novel issue to be resolved by this court is whether an applicant who has been rejected by a PTI program director has the right to review all PTI records and files in order to establish that the director acted in a grossly arbitrary and capricious manner in denying the applicant admission, and that the director's conduct amounted to a patent abuse of discretion.
R. 1:38(f) provides that PTI records and files are not a matter of public record and therefore not available to general scrutiny. The Supreme Court further provided for the confidentiality of PTI records through the enactment of R. 3:28(c) (4) and the PTI Guidelines.[1] This court cannot disregard the Supreme Court's mandate for confidentiality.
In addition to the files being confidential, a review of the subpoena duces tecum indicates that it is unreasonable in its demands. In See v. City of Seattle, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967), the United States Supreme Court decided that a subpoena must be sufficiently limited in scope, relative in purpose and specific in directive so that compliance with its terms will not be unreasonably burdensome. In State v. Cooper, 2 N.J. 540 (1949), the court stated:
The subject of a subpoena duces tecum must be specified with reasonable certainty and there must be a substantial showing that they contain evidence relevant and material to the issue. If this specification is so broad and indefinite as to be oppressive and in excess of the demandants' necessities, the subpoena is not sustainable. [at 556; emphasis supplied]
Here, there is no showing that the subpoenaed files are relevant to defendant's case. The Guidelines and the Supreme *341 Court holdings in State v. Leonardis, 71 N.J. 85 (1976) (hereinafter Leonardis I) and Leonardis II establish that an individualistic approach can best identify those applicants suited for admission into PTI. Factors to be considered by the program director include the defendant's amenability to rehabilitation, his willingness to avoid conviction and its attendant stigma, the motivation behind the commission of the crime, the age and past criminal record of defendant, his employment record, his family ties and status in society, and his mental and physical condition. After obtaining that information the program director must then evaluate the amenability of the applicant to short-term rehabilitation within the time constraints and treatment facilities available to PTI.
The decision on admission involves a balancing process, whereby the program director must take into consideration the existence or absence of the aforementioned factors and the varying weight to be accorded each one. The contention that such nebulous traits of the various applicants can be meaningfully compared is invalid. The personality of the individual applicant and the circumstances surrounding his case play a large role in the ultimate decision. The sterile comparison of their files would not aid this court in determining whether a rejection was arbitrary and capricious.
In addition to its failure to fulfill the relevancy requirement, the subpoena is unsustainable in that it seeks access to materials that this court is prohibited from considering at the review hearing. Judge Blake, in State v. White, 145 N.J. Super. 257 (Law Div. 1976), in reference to judicial review of a rejected application held that:
The function of this court is to determine, on the material submitted to the director and/or prosecutor, whether the applicant has sustained the burden of showing by compelling reasons that the decision against enrollment is arbitrary and capricious. [at 260; emphasis supplied]
Accordingly, it would be improper to allow defense counsel access to material that was not considered by the program *342 director in making his decision and therefore cannot be considered by this court in reviewing that decision.
The remaining question to be resolved is whether defendant can subpoena the program director and examine him personally at the review hearing regarding his rejection of defendant's application. A similar request was presented in State v. White, supra, but was summarily rejected. To permit such testimony would constitute a trial de novo, which is prohibited by Leonardis II and the guidelines.[2] The sole duty of this court is to review the decision of the director on the material submitted to him, balancing his action against the standard of arbitrariness and capriciousness. Therefore, to allow the defendant to subpoena the director to testify at the review hearing is improper.
Defendant's subpoena duces tecum is hereby quashed.
NOTES
[1] While the requirement of confidentiality set forth in R. 3:28(c) (4) is primarily concerned with preventing the applicants' statements and admissions from being used against them in subsequent proceedings, the confidentiality requirement of R. 1:38 is in no way limited to that purpose. Guideline 5 emphasizes that a trust relationship based upon confidentiality is essential in order to effectuate meaningful rehabilitation.
[2] See Leonardis II 73 N.J. at 383 wherein the court makes it clear that the review hearing is not to be a trial type proceeding but is to be brief and informal.