157 N.J. Super. 157 (1978)
384 A.2d 851
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOSEPH ATLEY, DEFENDANT-CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 1978.
Decided February 3, 1978.
*159 Before Judges MICHELS, PRESSLER and BILDER.
Mr. George G. Rosenberger, Jr., Assistant Salem County Prosecutor, argued the cause for appellant (Mr. George Farrell, III, Salem County Prosecutor, attorney).
Mr. Basil D. Beck, Jr. argued the cause for cross-appellant.
PER CURIAM.
This matter, which comes before us on our grant of leave to appeal and leave to cross-appeal, raises a basic question as to the manner in which the Salem County Prosecutor and Program Coordinator are exercising their functions under that county's pretrial intervention program. *160 The specific issue is the extent to which they are required to consider and to report their consideration of applicants to the program who come within the prima facie ineligibility classification of persons who have deliberately committed a crime of violence against another.
The context in which this issue arises involves an indictment returned against defendant Joseph Atley charging him with two counts of atrocious assault and battery. The offenses allegedly took place during the course of a large-scale disturbance which occurred outside the Penns Grove Y.M.C.A. involving a large group of young people. Defendant admits that he was caught up in the hysteria of the riot and grabbed a baseball bat which was immediately at hand, smashing it against an automobile and injuring its occupant. Defendant was 21 years old when the incident occurred, has neither an adult criminal nor juvenile record, apparently completed high school, has been regularly employed since his graduation, resides with his parents, claims to lead a normal law-abiding life and contends that the event in question was completely aberrational and out of character. He has made restitution for the property damage.
His application for admission to the program, supported by official documentation but without personal interview by the program administrators, resulted in his receipt of a form letter from the program coordinator denying him participation for the reason that "Your offense, Atrocious Assault and Battery, involves violence against another person and diversion would deprecate the seriousness of your crime (Guideline 3(i)(3)."[1] The form letter further advised him that pursuant *161 to Guideline 2 he had the right to present additional "reasons, facts or materials which you feel would serve to justify your admission as an exception to the guidelines." Accordingly, his attorney wrote to the project coordinator reciting the facts we have herein indicated and noting the high esteem in which defendant was held by his employer and co-employees. The response to this letter was a second form letter, signed by the coordinator, approved by the prosecutor, and reading in full as follows:
The defendant named above has made an application for participation in the Salem County Pre-Trial Intervention Program pursuant to the provisions of Court Rule 3:28.
It is the opinion of the coordinator that in accordance with the policy of the Court, the defendant is ineligible for participation for the following reasons: Your offense, Atrocious Assault and Battery, involves violence against another person and diversion would deprecate the seriousness of your crime. (Guideline 3-i-3) Pursuant to Guideline 2, the defendant was given an opportunity to present compelling reasons (see attached letter from attorney), however, it was the coordinator's opinion that the reasons given did not serve to justify admission as an exception to the guidelines.
Defendant promptly applied for judicial review of his rejection, claiming that it represented a gross abuse of discretion on the part of the prosecutor. The concern, however, of the trial judge on the record before him was not whether the rejection was sustainable on the merits but rather that the judicial review function could not properly be exercised in view of the failure of both the prosecutor and the coordinator to have given an adequate statement of reasons for their action. *162 It was the prosecutor's argument that it is neither his burden nor the coordinator's
* * * to set forth the specific facts upon which he bases his denial, he is assumed to have reviewed the application and the nature of the defendant   the nature of the crime and his * * * amenability towards the rehabilitative process * * * and I don't believe it's the burden for him to have set forth that, I did in fact consider all these things. I know it's assumed he's supposed to consider those things and unless it can be shown that he did not consider those things and in other words that had he considered all those things his decision would have been arbitrary.
The prosecutor further contended that when the offense involved is one encompassed by Guideline 3(i) (3), his obligation to explain his reasons for rejection is met simply by citation of that guideline and the notation that compelling reasons were not presented, i.e., the precise procedure here followed. The judge disagreed, observing that the prosecutor has to "satisfy the Court that some consideration was given to the alleged compelling reasons that were set forth and it wasn't done." In our view the judge was clearly correct.
No useful purpose can be here served by extensive review of either State v. Leonardis, 71 N.J. 85 (1976) (Leonardis I) or State v. Leonardis, 73 N.J. 360 (1977) (Leonardis II). Suffice it to say that the Supreme Court clearly expressed its philosophy regarding diversionary programs, the social and personal utility of the rehabilitative emphasis on which they are based, the general operative techniques of diversion, and the constitutional necessity for a broad range of discretion in the prosecutor to consent or withhold consent to an applicant's participation therein. It is the last of these which defines the scope of judicial review of the prosecutor's exercise of discretion. That review is limited to a determination of whether the prosecutor acted in a manner so grossly arbitrary or capricious as to amount to "a patent and gross abuse of his discretion." Leonardis II, supra, 73 N.J. at 382. Thus review is essentially analogous to the court's function in action in lieu of prerogative writs *163 based on the record below. Leonardis II, supra, 73 N.J. at 377, fn. 7. And see State v. Litton, 155 N.J. Super. 207 (App. Div. 1977); State v. White, 145 N.J. Super. 257 (Law Div. 1976). It is, of course, elementary that no matter how great a deference the court is obliged to accord the administrative determination which it is being called upon to review, it has no capacity to review at all unless there is some kind of reasonable factual record developed by the administrative agency and the agency has stated its reasons grounded in that record for its action. See, e.g., In re Senior Appeals Examiners, 60 N.J. 356 (1972); Monks v. N.J. State Parole Board, 58 N.J. 238 (1971); Reinauer Realty Corp. v. Paramus, 34 N.J. 406, 419 (1961); In re Application of Union Community Bank, 144 N.J. Super. 39, 47 (App. Div. 1976).
The proper operation of pretrial diversionary programs has always contemplated that rejected applicants will be furnished an adequate statement of reasons. See Leonardis I, supra, 71 N.J. at 119. Guideline 8 expressly provides that
The decisions and reasons therefor made by the * * * prosecutors and program directors in granting or denying defendants' applications for PTI enrollment * * * in all cases must be reduced to writing and disclosed to defendant.
And in Memorandum Re PTI, 99 N.J.L.J. Index Page 953 (1976), the Director of Criminal Practice, Administrative Office of the Courts, at the request of the Chief Justice, advised all Assignment Judges that "Every defendant must be presented with a statement of reasons for rejection by the program director, prosecutor or the court." And see State v. White, supra, 145 N.J. Super. at 261 where the court noted that the reasons for rejection were made clear from the director's "extensive and thorough report" which exhibited "care and attention to all the material submitted." We note, moreover, that State v. White, involved, as here, a crime encompassed by Guideline 3(i)(3), but there the crime was *164 murder. And cf. State v. Litton, supra, and the detailed statement of reasons there considered.
The point, of course, is that a purported statement of reasons which, as here, does no more than parrot, in purely conclusionary terms, the language of the Guidelines, is no statement at all. See, e.g., Grundlehner v. Dangler, 29 N.J. 256, 271 (1959). Defendant is not entitled as of right to admission in the program. He is, however, entitled to full and careful consideration of his application and to the assurance, which can only be provided by the statement of reasons for rejection, that his application has nevertheless received such consideration. The perfunctory, conclusionary form letter here fails to meet that standard. We, therefore, concur with the conclusion of the trial judge that there is no way of telling, from this record, whether defendant's application was in fact fully and carefully considered.
We note, further, defendant's argument that his application could not have received full and fair consideration because he was never personally interviewed by the program administrators. We reject the contention that personal interviews must be conducted in every case. The Guidelines themselves do not so require. We do, however, suggest that personal interviews of the defendant or others may be helpful in questionable cases and can probably assist the program administrators in making their rehabilitatibility evaluation. Accordingly, they should give careful consideration in each case to whether or not interviews should be employed as part of their evaluative process.
Because of the deficiencies here, the trial judge directed defendant to reapply to the program and directed the program to reconsider the application. In our view, reinitiation of the application is not necessary. The same end can be more conveniently and expeditiously accomplished by the continuance of this matter by the trial court under appropriate terms which would (1) permit defendant to present such additional material as he now regards as appropriate, (2) enable the program coordinator to decide whether *165 personal interviews would be helpful, and (3) to accord the coordinator or the prosecutor an opportunity to reconsider the application and to provide a statement of reasons directly and specifically responsive to the facts and circumstances of this case and this defendant.
The order appealed from is modified and we remand to the trial court for further proceedings consistent herewith.
NOTES
[1] The Supreme Court Guidelines governing pretrial intervention programs pursuant to R. 3:28 were promulgated on September 8, 1976, and published in 99 N.J.L.J. Index Page 865 (1976). The relevant portion of Guideline 3 provides as follows:

Any defendant charged with crime is eligible for enrollment in a PTI program, but the nature of the offense is a factor to be considered in reviewing the application. If the crime was * * * deliberately committed with violence or threat of violence against another person * * * the defendant's application should generally be rejected. However, in such cases, the applicant shall have the opportunity to present to the program director, and through him to the prosecutor, any facts or materials demonstrating his amenability to the rehabilitative process, showing compelling reasons justifying his admission and establishing that a decision against enrollment would be arbitrary and unreasonable. [Guideline 3(i) (3)]