156 N.J. Super. 486 (1978)
384 A.2d 162
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS MARKT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 7, 1978.
Decided February 24, 1978.
*488 Before Judges LORA, SEIDMAN and MILMED.
*489 Messrs. Belsole & Heeb, attorneys for appellant (Mr. Donald R. Belsole, of counsel and on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent (Mr. William F. Hyland, former Attorney General of New Jersey, and Mr. Wayne J. Martorelli, Deputy Attorney General, on the brief).
PER CURIAM.
This appeal is from an order denying defendant's application for entry into a pretrial intervention program.
Defendant was the treasurer of the Joint Free Public Library of Morristown and Morris Township. He was charged in five municipal court complaints with embezzling moneys from said library, in violation of N.J.S.A. 2A:102-1, and also with drawing several checks to himself as payee and forging thereon the signature of another library official, in violation of N.J.S.A. 2A:109-1. He applied on July 22, 1976 for entry into the Morris County Pretrial Intervention Program (PTI). Thereafter, on motion of the program coordinator, an order was entered in Superior Court by the designated judge for such matters adjourning all further proceedings and setting the matter down for hearing on October 29, 1976.
The program coordinator submitted to the court a pretrial intervention report in which he expressed the view that "there seems to be very little prospect that the defendant will commit another criminal act," and "it is felt that Mr. Markt is rehabilitated." Defendant was declared to be "an excellent candidate for the Pre-Trial Intervention Program," and his acceptance was recommended. At the hearing the prosecutor objected to the application, essentially on the ground that the crimes charged involved a breach of public trust by defendant over an extended period of time. He argued that to admit defendant into the program would deprecate the position of a public official and lessen "in the *490 public eye the seriousness of what happens when an individual violates that trust."
The designated judge agreed that defendant had previously led an exemplary life and was "a significant candidate for rehabilitation." Nevertheless, he determined that the application should be denied. He said:
* * * Now, taking the nature of the offense, while it is for a short period of time, less than a year, it has a continuing characteristic. This is not the taking of just one amount of money. It is the taking of six amounts of money over a period from September 29, 1975 to March 10, 1976. It does certainly involve a breach of public trust. * * * If permission is granted and it would have a tendency to deprecate the seriousness of the defendant's crime, then it is not appropriate * * * Taking into consideration that there is a continuing nature, a pattern, short as it may be, but still, nevertheless, a pattern, that it does involve a breach of public trust and an employee who is a treasurer of a municipality misappropriating funds of the public which in my opinion would deprecate the seriousness of the crime and taking into consideration that the PTI program does not provide an alternative which can be expected to serve as a sufficient sanction to deter criminal conduct in this area the application will be denied.
Defendant later pleaded guilty to an accusation charging him in one inclusive count with having embezzled $4,384.88. He was sentenced to the Morris County Jail for a term of one year less one day, six months of which were suspended, and he was fined $500. This appeal followed. It is limited to the denial of defendant's PTI application. Although the notice of appeal included the sentence imposed, any issue with respect to its claimed excessiveness has been withdrawn.
The contentions are that (1) the lower court's denial of defendant's application for pretrial intervention was the result of an erroneous interpretation and application of the PTI guidelines as promulgated by the New Jersey Supreme Court; (2) defendant's denial of entry into the Morris County Pretrial Intervention Program was the result of the mandatory application of exclusionary criteria under PTI Guideline 3(i) (4) which contradicted both the spirit and *491 content of the PTI guidelines as promulgated by the New Jersey Supreme Court; (3) the record below reflects that defendant did present evidence demonstrating his amenability to the reliabilitative process and showing compelling reasons justifying his admission into PTI and establishing that a decision against enrollment would be arbitrary and unreasonable, and (4) due to the vagueness and uncertainty of the PTI guidelines as promulgated by the Supreme Court, the denial of defendant's application was arbitrary and unreasonable.
We have carefully considered the record and the arguments advanced by defendant and conclude that the designated judge's determination to deny defendant entry into the PTI program should be sustained.
We recently emphasized in State v. Litton, 155 N.J. Super. 207 (App. Div. 1977), that State v. Leonardis, 71 N.J. 85 (1976) (Leonardis I), and State v. Leonardis, 73 N.J. 360 (1977) (Leonardis II, decided after the hearing in this case), narrowly limits court review of a prosecutor's refusal to consent to a defendant's enrollment into a PTI program. We said:
Its purpose is to allow the defendant to demonstrate an abuse of discretion by the prosecutor. Leonardis II, supra 73 N.J. at 383. The proceeding is likened to an action in lieu of prerogative writ, Leonardis II, supra at 377, n. 7, based on the record below, State v. White, 145 N.J. Super. 257, 260 (Law Div. 1976). To prevail, the defendant has the "heavy burden", Leonardis II, supra 73 N.J. at 381, to show "clearly and convincingly" "compelling reasons justifying his admission" and that the prosecutor "acted in a grossly arbitrary or capricious manner," Leonardis II, supra at 382, 383, amounting to a "patent and gross abuse of his discretion." Leonardis II, supra at 382; Guidelines, 2, 3(i), 8. In reviewing the record "great deference" should be given the prosecutor's judgment. Leonardis II, supra at 381. His refusal to consent may, "where appropriate" be based solely on the nature of the offense charged and it is expected that his decision "rarely will be overturned." Leonardis II, supra at 380 n. 10, 382. Review is available "to check only the most egregious examples of injustice and unfairness." Leonardis II, supra at 384. [155 N.J. Super. 207]
*492 The prosecutor's reasons for his adverse decision in this case were within the ambit of Supreme Court Guideline 3(i), which recommends that a defendant's application should generally be rejected where the crime, among others, was "(2) part of a continuing criminal business or enterprise," or, more to the point here, "(4) a breach of the public trust where admission to a PTI program would deprecate the seriousness of defendant's crime." Supreme Court Guidelines, promulgated September 8, 1976, 99 N.J.L.J. Index Page 865. In such cases the aforementioned guideline accords the applicant the opportunity to present to the program director, and through him to the prosecutor, "any facts or materials demonstrating his amenability to the rehabilitative process, showing compelling reasons justifying his admission and establishing that a decision against enrollment would be arbitrary and unreasonable."
As we noted earlier, there is no question here of defendant's amenability to the rehabilitative process. Nonetheless, the judge below endorsed the prosecutor's reliance upon Guideline 3(i)(4). Defendant argues that he was "denied the right to distinguish himself from the said class or category on the basis that his admission to PTI was justified, and a decision to the contrary would be unreasonable and arbitrary." But the record below discloses no request by defendant to present any facts or materials over and beyond those which had been previously submitted to the program coordinator. In fact, his argument on appeal is that he did present below evidence demonstrating amenability to rehabilitation and "compelling reasons justifying his admission into PTI."
It is to be noted that the designated judge did not specifically address himself to the latter issue, although his denial of the application implicitly suggested his conclusion that overriding reasons had not been demonstrated justifying defendant's admission into the program. We think that, where, as here, the prosecutor appropriately bases his rejection on the nature of the offense, in this case a breach of public *493 trust, the judge hearing the matter should explain at least briefly why, in his judgment, the offered "facts and materials" are not of such compelling nature as clearly and convincingly to establish that the prosecutor's decision was arbitrary and unreasonable. See State v. Litton, supra.
Nevertheless, we have independently examined carefully the enumeration in defendant's brief of that which he conceives to be "compelling reasons" for his entry into the program. While they constitute an eloquent plea for leniency, they deal largely with his potential for rehabilitation, which is not disputed. But they gloss over the plain fact that defendant was guilty of a breach of public trust by the commission not merely of a single criminal act, but of a series of embezzlements and forgeries extending over a period of months.
Defendant seems to believe that he is being penalized "solely because he was a public employee" held to a different standard than had he "been employed as a treasurer for a department store." He maintains that the decision "cannot be based on the singular fact that defendant was a public employee when the subject embezzlement took place." He misses the point completely. In its comment following Guideline 3 (99 N.J.L.J. Index Page 874), the Supreme Court recognized that, consistent with Leonardis I, supra, "there must be a balance struck between a defendant's amenability to correction, responsiveness to rehabilitation and the nature of the offense," and that those charged with an offense within the enumerated categories "must bear the burden of presenting compelling facts and materials justifying admission."
Public officers hold positions of public trust, and stand in a fiduciary relationship to the people whom they have been appointed to serve. Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 474 (1952). They must serve the public with the highest fidelity. Id. It is, therefore, altogether fitting that criminal conduct amounting to a breach of that public trust should be cause for rejection of a PTI application, *494 casting upon the applicant the very heavy burden of showing a patent and gross abuse of prosecutorial discretion. We are satisfied that defendant has failed to meet that burden here.
Since we conclude that the order under review should be affirmed, we do not reach the State's argument that defendant, by his plea of guilty, waived his right to raise on appeal the denial of his PTI application. But our abstention is not to be construed as any indication on our part of agreement with the State's position.
Affirmed.