169 N.J. Super. 181 (1979)
404 A.2d 373
THE STATE OF NEW JERSEY
v.
RONALD BARATH, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 6, 1979.
*182 Mr. Thomas A. Pavics, Assistant Deputy Public Defender, for defendant (Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney).
*183 Mr. James W. Hurley, Assistant Prosecutor, for the State of New Jersey (Mr. David Linett, Somerset County Prosecutor, attorney).
Mr. Michael V. Camerino, Deputy County Counsel, for the Somerset County Probation Department (Messrs Ozzard, Rizzolo, Klein, Mauro & Savo, attorneys).
MEREDITH, J.S.C.
This matter comes before the court on defendant's motion for discovery in connection with his application to the Somerset County Pretrial Intervention (PTI) Program. Defendant was charged on complaint with possession of a pistol without a permit on December 28, 1978. Shortly thereafter he applied for admission to PTI. By letter dated February 20, 1979 the program coordinator rejected defendant's application for the following reasons:
New Jersey Supreme Court Guideline 1(d) * * * Records indicate that your personal problems are such that they are beyond the P.T.I. time limit. Also, Guideline 3(i) * * * Nature of the offense. Investigative reports indicate that at the time of your arrest, you had a fully loaded, cocked pistol in your possession. On Jan. 23, 1979 you were interviewed by a member of the P.T.I. Program staff. Your background and circumstances as supplied by you have been taken into consideration in reaching this decision.
The letter also indicated that defendant had 15 days in which to submit additional information in support of his application. Defendant's attorney notified the program coordinator of his intention to submit additional materials and to request reconsideration of the application. In order to do so, however, he sought copies of the records and reports alluded to in the February 20 letter of rejection. The program coordinator responded that he could not release the materials: investigative reports were provided by the prosecutor's office with instructions that they could not be disclosed, and medical reports could not be released except upon court order.
The instant motion for discovery is therefore directed at both the county prosecutor's office and the PTI coordinator, *184 seeking disclosure of "all medical reports and records and police reports which were considered by PTI and the Prosecutor in their determination that the defendant should be rejected by PTI." Briefly, defendant argues that it is impossible to request reconsideration of his application, or subsequently upon judicial review of the rejection, to sustain the heavy burden of showing a patent and gross abuse of discretion (State v. Leonardis, 73 N.J. 360, 382 (1977) (Leonardis II)), without access to records and reports which PTI considered in processing his application. Defendant also notes that under the PTI Guidelines, R. 3:28 Guideline 8, and State v. Atley, 157 N.J. Super. 157 (App. Div. 1978), an applicant must be given a full statement of reasons for rejection, rather than mere conclusions couched in terms of the guidelines.
The prosecutor and the program coordinator argue as a preliminary matter that only in the context of full-blown hearings is discovery available under R. 3:13-3 before an indictment or accusation is filed. Although it is true that under Leonardis II, judicial review of PTI determinations "should be of an abbreviated and informal nature." 73 N.J. at 383, R. 3:13-3 does not actually specify that discovery is ordinarily available only after indictment or accusation. Rather, R. 3:13-3(e) and the comment thereto suggest that "within 10 days after the entry of the plea" is the latest point at which a defendant may request discovery, in order to facilitate his preparation and filing of timely pretrial motions based on discovered information. In addition, the courts of this State have long possessed inherent power to order discovery in the interest of justice. As the court in State v. Cook, 43 N.J. 560 (1965), remarked in discussing the evolution of New Jersey's criminal discovery rules:
* * * omission of a specific discovery rule [has] not at all impair[ed] the inherent powers of the court to order discovery when justice so required. See State v. Moffa, 36 N.J. 219, 222 (1961); State v. Murphy, 36 N.J. 172, 180 (1961); State v. Butler, 27 N.J. 560, 600 (1958); State v. Winne, 27 N.J. Super. 304, 310 (App. *185 Div.), certif. denied 13 N.J. 527 (1953); State ex rel. Helm v. Superior Court of Cochise County, 90 Ariz. 133, 367 P.2d 6, 8-10 (1961); 6 Wigmore, Evidence § 1850, at p. 395 (3d ed. 1940). [43 N.J. at 563-564]
See also, State v. Satkin, 127 N.J. Super. 306, 310 (App. Div. 1974), holding that "[t]he fact that a particular disclosure is not specifically mentioned in the Rules should not prevent a judge in an appropriate case from granting relief to defendant and compelling disclosure to be made." Therefore, it is clear that irrespective of the exact point at which R. 3:13-3 authorizes discovery, this court has the power to order disclosure if necessary and appropriate in the instant case.
State v. Forbes, 153 N.J. Super. 336 (Cty. Ct. 1977), and State v. White, 145 N.J. Super. 257 (Cty. Ct. 1976), are cited in support of the contention that discovery is inappropriate in the context of PTI proceedings and the limited judicial review available therefrom. These cases, however, considered requests for access to information that went far beyond the contents of each of defendant's files. In Forbes defendant sought by subpoena the testimony of the PTI program director, as well as all PTI application files opened since the program's inception, in order to show that his rejection had been arbitrary and capricious. 153 N.J. Super. at 338, 340. Similarly, in White defendant sought to take testimony from a PTI staff member in order to shed light on her mental processes and to determine the value given to the information considered. 145 N.J. Super. at 259. The issue in both cases was resolved on the ground that the requested information had not been considered in processing the defendants' respective applications. The information was therefore irrelevant on appeal, since the reviewing court's duty is "solely to review the action of the director on the material submitted * * * by the applicant, balancing that action against the standard of arbitrariness and capriciousness." State v. White, supra, 145 N.J. Super. at 261 [emphasis supplied]; State v. Forbes, supra, 153 N.J. Super. at 341. See also Leonardis II, 73 N.J. at 383; State v. *186 Sutton, 80 N.J. 110, at 119-122 (1979). Defendant's motion for discovery in the case at hand, however, is limited strictly to materials contained in his own file and presumably considered by the program coordinator, presenting an issue upon which White and Forbes have little bearing.[1]
State v. Masucci, 156 N.J. Super. 272 (Law Div. 1978). also cited in opposition to defendant's motion for discovery, involved a subpoena directed at the prosecutor and the PTI director, seeking the testimony of the author of defendant's PTI evaluation as well as various materials contained in his application file. The avowed purpose of the subpoena was to enable defendant to demonstrate on appeal that his rejection was based upon a deficient investigation and inaccurate information. Id. at 277. The judge noted that it is the obligation of the applicant to submit all pertinent information, and that the scope of any investigation otherwise undertaken is within the sound discretion of the program director. "If the Director's investigation is deficient, it will not sustain his conclusion and his arbitrariness will be readily discernible." Id. at 278-279. The judge also held that errors in the circumstances of the alleged offense could only be resolved at trial, and that errors or omissions concerning the applicant's background could be raised on appeal by affidavit. Id. Regarding the contents of defendant's file, the judge held that although defendant's statements to PTI personnel and his juvenile record could be disclosed, it would be inappropriate to burden the PTI program by requiring their production. The judge noted that defendant's statements to the prosecutor were discoverable under R. 3:13-3. Id. at 280-281.
Thus, State v. Masucci, supra, suggests that some discovery is available in connection with PTI proceedings. The Masucci court's conclusion that the PTI program should *187 not be burdened with disclosure is not binding on this court, and even if it were, defendant here has not indicated that he intends to show deficiencies or errors in the information considered. Rather, he may well attempt on appeal to support the heavy burden imposed by Leonardis II, by directing the court's attention to information he submitted, or was otherwise available to the PTI coordinator, that in whole or in part was not considered in reaching the decision to reject his application. Recently, in State v. Bender, 80 N.J. 84, at 92-94 (1979), the Supreme Court held that one of the three ways in which an abuse of discretion can be shown is by proof that an applicant's rejection "(a) was not premised upon a consideration of all relevant factors * * *." In this case, it is particularly noteworthy that defendant is moving for discovery of information and materials which he has never seen. Police reports have not yet been disclosed to him since the charges against him are still pending presentation to the grand jury, and he apparently signed a blanket release for all of his medical and psychiatric records and reports thereon. Perhaps if the statement of reasons for his rejection had been more complete, he could obtain copies of the latter materials on his own. Such a course is closed to him, however, because he has not been informed as to which reports were relied upon in reaching the conclusion that his difficulties were not amenable to short-term treatment. Similarly, he cannot seek reconsideration of his application by submitting additional information to the program coordinator, without the ability to assess the viability of such action based on the materials already considered.
With regard to the police reports in particular, the prosecutor and the PTI coordinator argue that disclosure will be made as a matter of course after indictment, and that defendant could have delayed application to PTI until that time. If a defendant charged on complaint is compelled to await presentation of the matter to a grand jury in order to have access to police reports, he may well choose to put *188 off his application for PTI participation until he is fully apprised of the factual circumstances alleged. The PTI Guidelines clearly countenance such delay, since application may be made as late as 25 days after the initial plea to the indictment. R. 3:28, Guideline 6. Encouraging such a practice, however, will not only thwart the PTI program's goal of providing early rehabilitation (R. 3:28, Guideline 1(a)), but will also subvert the program's efforts to decrease backlogs in the courts and to minimize the stigma of lengthy prosecution. As noted in Leonardis II, "to the extent that PTI seeks to avoid the stigma of trial and excessive backlogs in the judicial system, the decision concerning intervention should be made at the earliest possible stage in the proceedings." 73 N.J. at 382, n. 11. In addition, the prosecutor's argument that the medical reports are privileged under N.J.S.A. 2A:84A-22.1 et seq. (physical-patient privilege) and N.J.S.A. 45:14B-28 (psychologist-client privilege), is of no moment since any such privilege is that of the client or patient. See N.J.S.A. 2A:84A-22.1 (c) defining "holder of the privilege" as "the patient", and N.J.S.A. 45:14B-28 incorporating N.J.S.A. 2A:84A-20(1) which provides that "[the] client has [the] privilege."
Finally, both State v. Leonardis, 71 N.J. 85, 114, 118-119 (1976) (Leonardis I) and State v. Atley, supra, 157 N.J. Super. at 162-163, likened judicial review of PTI determinations to reviews of other administrative decisions. After recognizing the similarity between the two types of proceedings in terms of the standard of review employed, the court in Atley observed that
* * * no matter how great a deference the court is obliged to accord the administrative determination which it is being called upon to review, it has no capacity to review at all unless there is some kind of reasonable factual record developed by the administrative agency and the agency has stated its reasons grounded in that record for its action. [157 N.J. Super. at 163].
In the context of a PTI application, Atley suggests that the record of the agency below should consist of all of the *189 information considered, not merely a statement of reasons grounded in the record. It could be argued that as a matter of fairness, an applicant appealing a PTI rejection should ordinarily be provided with the entire record of information considered, to enable him to attempt to meet the high standard mandated by Leonardis II. Moreover, just as the burden of stating the reasons for a PTI rejection was held insufficient to outweigh the need for a statement of reasons in Leonardis I, (71 N.J. at 118-119), the arguable inconvenience of duplicating materials in an applicant's file does not justify a refusal to provide access to such materials upon request, especially under the circumstances of the case presently before the court.
For all of the foregoing reasons this court finds that the discovery sought by the defendant is necessary and appropriate in the instant case. If discovery of particular information is alleged to be unduly prejudicial to the State or potentially damaging to the defendant's psychological condition, the prosecutor or PTI coordinator may apply for a hearing in camera to determine whether a refusal to disclose is justified. See Leonardis I, 71 N.J. at 119; State v. Masucci, supra, 156 N.J. Super. at 279. Absent such an application, the defendant's motion will be granted.
NOTES
[1] It is noteworthy, however, that the program director in State v. Forbes, supra, while arguing that the files of other applicants were confidential and irrelevant, would have permitted defendant to examine his own PTI file. 153 N.J. Super. at 339.