172 N.J. Super. 230 (1980)
411 A.2d 731
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
RONALD J. BARATH, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1980.
Decided February 22, 1980.
*231 Before Judges MATTHEWS and POLOW.
L. Gilbert Farr, Assistant Prosecutor, argued the cause for appellant (David Linett, Somerset County Prosecutor, attorney).
Thomas A. Pavics, Assistant Deputy Public Defender, argued the cause for respondent (Stanley C. Van Ness, Public Defender, attorney).
Michael V. Camerino, Deputy County Counsel, argued the cause for the Somerset County Probation Department (Ozzard, Rizzolo, Klein, Mauro and Savo, attorneys).
Arlene R. Weiss, Deputy Attorney General, argued the cause for John J. Degnan, Attorney General, Amicus Curiae (John J. Degnan, Attorney General, attorney; Alan Dexter Bowman, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
We affirm the judgment of the Law Division substantially for the reasons expressed in its opinion which is reported at 169 N.J. Super. 181.
We do not read Judge Meredith's opinion as affording defendant herein the right to wholesale discovery of the records of the pretrial intervention program. To the contrary, the documents involved here are comprised solely of the medical records of defendant and the police report. It is apparent that defendant is entitled to see the copies of those records in the possession of the pretrial intervention director, and on which he presumably relied in making his recommendation, to ascertain that in fact those documents truly reflect the actual records of defendant's *232 medical history and activity. Although it is not suggested that such is the case here, it may readily be conceived of a situation where the record in the possession of the pretrial intervention director was a false copy of the true record. It is in the interest of both the State and the defendant that the actual records be used in the process.
In any event, Judge Meredith very carefully provided for a protective order in the event that any sensitive matters might be included in those things sought for by defendant. In affirming the Law Division we do not suggest that there is a wholesale right to discovery in a defendant who applies to a pretrial intervention program.
Affirmed.