**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3283-17T1

COREY WASHINGTON,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

           Submitted March 20, 2019 – Decided June 24, 2019

           Before Judges Fuentes and Moynihan.

           On appeal from the New Jersey Department of Corrections.

           Corey Washington, appellant pro se.

           Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Erica R. Heyer, Deputy Attorney General, on the brief).

PER CURIAM

Corey Washington, an inmate sentenced in 1990 to thirty-years in state prison without parole eligibility, appeals from a final Department of Corrections (DOC) decision that denied him full minimum custody status, N.J.A.C. 10A:9-4.1(a)(5); N.J.A.C. 10A:9-4.3(e). Appellant contends the decision was arbitrary and capricious. We agree and reverse.

In preparation for its review of appellant's classification, the DOC assessed appellant using The Reclassification Instrument for Male Inmates (the Instrument), N.J.A.C. 10A:9-2.2(a)(3), an "objective classification scoring instrument[] for the standardized evaluation and custody assignment of inmates." N.J.A.C. 10A:9-2.2(a). Applying the criteria set forth in N.J.A.C. 10A:9-2.6(b), appellant's total score was one, indicating "a recommendation for placement into minimum custody status." N.J.A.C. 10A:9-2.6(a)(3). In that "[t]he criteria set forth in this subchapter and the objective classification instrument score shall be applied by the [DOC's] Institutional Classification Committee [(ICC)] to determine whether an inmate is eligible for reduced custody consideration," N.J.A.C. 10A:9-4.1(b), appellant was eligible to be considered for full minimum status, N.J.A.C. 10A:9-4.6(a).[1]

---

[1] The DOC does not contend that appellant was disqualified for full minimum status under any other criterion set forth in N.J.A.C. 10A:9-4.6.

Notwithstanding appellant's eligibility for full minimum status, the ICC voted unanimously to deny final approval for reduced status. The committee members each set forth their handwritten reasons for voting "no":

| T. R.[2] | [two] victims; [one] deceased, [one] injured. [Appellant] has not taken programs to address crime or victims. Not suitable for [full minimum]. |
| --- | --- |
| M. T. | - Correctional facility adjustment[.] [Appellant] has not taken any program to address crime. |
| Lt. S. | Nature of charges/offense |
| F. M. P. | Lack of adjustment while in custody[;] violence of criminal act. |
| M. G. | Nature of charges and correctional [i]nstitution [unintelligible] |

In its merits brief, the DOC contends: "The ICC denied full minimum custody and requested a K-1 override,[3] finding that the field account of [appellant's] offense (murder) indicated reduced custody was not appropriate. The K-1 override was approved. As a result, [appellant] was assigned to gang minimum status."

---

[2] We use the initials of the committee members only because we could not decipher all of their handwritten names.

[3] N.J.A.C. 10A:9-2.14(a) describes a number of override codes, including Code K-1, N.J.A.C. 10A:9-2.14(a)(12)(i).

Although an inmate has no right to reduced custody status, N.J.A.C. 10A:9-4.2, and the ICC is not obligated to grant full minimum custody status even if an inmate qualifies, N.J.A.C. 10A:9-4.6(c), the DOC's decision to deny reduced custody status must not be arbitrary, capricious or unreasonable, or unsupported by credible evidence in the record. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); White v. Fauver, 219 N.J. Super. 170, 180 (App. Div.), modified sub. nom., Jenkins v. Fauver, 108 N.J. 239 (1987).

"[N]o matter how great a deference the court is obliged to accord the administrative determination . . . , it has no capacity to review at all unless . . . the agency has stated its reasons grounded in th[e] record for its action." In re Issuance of a Permit by Dep't of Envtl. Prot. to Ciba-Geigy Corp., 120 N.J. 164, 173 (1990) (first alteration in original) (quoting State v. Atley, 157 N.J. Super. 157, 163 (App. Div. 1978)). We cannot exercise deference unless we have "confidence that there has been a careful consideration of the facts in issue and appropriate findings addressing the critical issues in dispute." Bailey v. Bd. of Review, 339 N.J. Super. 29, 33 (App. Div. 2001).

"The requirement of findings is far from a technicality and is a matter of substance. It . . . is a fundamental of fair play that an administrative judgment express a reasoned conclusion. A conclusion requires evidence to support it and

4

findings of appropriate definiteness to express it." N.J. Bell Tel. Co. v. Commc'n Workers of Am., 5 N.J. 354, 375 (1950) (citation omitted). An administrative agency "must set forth basic findings of fact, supported by the evidence and supporting" its determination "for the salutary purpose of informing the interested parties and any reviewing tribunal of the basis on which the final decision was reached so that it may be readily determined whether the result is sufficiently and soundly grounded or derives from arbitrary, capricious or extra-legal considerations." Ciba-Geigy Corp., 120 N.J. at 172 (quoting In re Application of Howard Sav. Inst., 32 N.J. 29, 52 (1960)).

"[W]hen an inmate cannot be assigned to the recommended custody status indicated by the custody status score on [the Instrument], the appropriate override code shall be applied and any specific information concerning the reason for the override shall be documented and maintained in the inmate record." N.J.A.C. 10A:9-2.14(a). When the ICC has a "reasonable belief" "that the inmate will be unsuccessful in a lower custody status assignment . . . due to . . . [a f]ield account of the offense pursuant to N.J.A.C. 10A:9-3.3,"[4] it can

---

[4] N.J.A.C. 10A:9-3.3 sets forth twenty-three factors that the ICC must consider in deciding a custody status. Among the factors is the"[n]ature and circumstance of the present offense." N.J.A.C. 10A:9-3.3(a)(11).

request the Division of Operations's approval for medium custody status.[5] N.J.A.C. 10A:9-2.14(a)(12)(i).

Appellant contends the ICC did not request an override. We see nothing in the record that it did. The K-1 code is not mentioned in any of the record documents. The DOC did not direct us to a Form OC-001 Request for Override Approval which "must be completed and forwarded to the Division of Operations for final approval" when an override is invoked. N.J.A.C. 10A:9-2.14(a). We were provided with only a "Final Approval for Reduced Custody" form and a copy of an email from a classification officer to the Division of Operations, the subject of which reads, "FM Denials" and the body of which is blank; The Division of Operations's reply was simply, "Approved. Thank you. . . ." It is not our function, as a reviewing court, to scour the record to find the facts supporting the arguments raised on appeal. Spinks v. Twp. of Clinton, 402 N.J. Super. 465, 474-75 (App. Div. 2008).

Further, nothing in the record complies with the regulation's requirement that "any specific information concerning the reason for the override" be maintained in appellant's record. N.J.A.C. 10A:9-2.14(a). We were not provided with the field account upon which the K-1 override was based. And

_____

[5] N.J.A.C. 10A:9-4.3(c).

many of the reasons set forth by the committee members do not relate to the K-1 reason. Appellant's institutional adjustment may provide a basis for a K-4 override, N.J.A.C. 10A:9-2.14(a)(12)(iv), but does not relate to the K-1 code upon which the DOC relies.[6]

Nor do we see any reason in the confidential appendix, including the September 25, 2017 report of the psychological evaluation performed on appellant, that supported an override or denial of full minimum status.

We thus determine the DOC's decision to deny appellant full minimum status was arbitrary and capricious. We fully recognize an inmate has no liberty interest in his or her custody status, Smith v. N.J. Dep't of Corr., 346 N.J. Super. 24, 29 (App. Div. 2001); see also White, 219 N.J. Super. at 178, and "a reduction in custody status is a matter of privilege, not of right," Smith, 346 N.J. Super. at 30 (citing N.J.A.C. 10A:9-4.2). We also recognize the DOC's considerable discretion in determining that status. Ibid. But the record is barren of support for the DOC's decision. We thus reverse and remand this matter for reconsideration of appellant's classification with the direction that the ICC fully

---

[6]  If, in fact, the committee was requesting a K-4 override, it should have explained why the programs appellant completed – as set forth in his Progress Notes Report – did not sufficiently address the concerns the members wrote in as reasons for their "no" votes.

appraise the factors set forth in N.J.A.C. 10A:9-3.3, and set forth the reasons for its decision in order that, if again appealed, we may fulfill our obligation to "engage in a 'careful and principled consideration of the agency record and findings.'" Williams v. Dep't. of Corr., 330 N.J. Super. 197, 203-04 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)); see generally, Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301-02 (App. Div. 2018).

To the extent not here addressed, we determine appellant's remaining arguments to be without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3283-17T1